**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MARCELLO CORTI,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No.: 1:26-cv-04839

Judge Manish S. Shah

Magistrate Judge Gabriel A. Fuentes

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A RESPONSE IN EXCESS OF THE PAGE LIMIT**

Plaintiff Marcello Corti respectfully moves this Court for leave to file his Response in Opposition to the Motion of Defendant No. 10 Modeoutfit.com ("Defendant") to Vacate the Default Judgment and for Dismissal of the Action [32] in a length not to exceed twenty (20) pages. In support, Plaintiff states as follows:

1. On August 5, 2026, Defendant moved for leave to file its Motion to Vacate Default Judgment and for Dismissal of the Action in a length not to exceed twenty (20) pages. [30]. The Court granted that motion on August 6, 2026, and set Plaintiff's response for August 27, 2026 and Defendant's reply for September 10, 2026. [34].

2. Defendant's twenty-page motion advances several independent grounds for relief: that service by electronic mail was ineffective because the Hague Service Convention governs service on Defendant; that the resulting default judgment is therefore void under Rule 60(b)(4); that this Court lacks personal jurisdiction over Defendant; and that the Complaint fails to state a claim

under Rule 12(b)(6). Each ground is separately dispositive if accepted, and Plaintiff must answer each.

3. The first ground also requires Plaintiff to place a factual record before the Court. The Seventh Circuit has held that a district court must determine, as a threshold matter, whether the Hague Service Convention applies at all before applying its restrictions on the method of service. *Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co.*, 177 F.4th 793 (7th Cir. 2026). That determination turns on the diligence Plaintiff exercised in attempting to ascertain and verify a physical address for Defendant, which was not developed in the *ex parte* record on which the service order was entered. Plaintiff's response sets out that record and supports it with a supplemental declaration and four exhibits.

4. Plaintiff has compressed the response substantially and cannot bring it within fifteen pages without leaving one of Defendant's multiple grounds unanswered. Plaintiff therefore requests the same length the Court has already allowed Defendant, and no more.

5. Under Local Rule 7.1, a brief exceeding fifteen pages "must have a table of contents with the pages noted and a table of cases." Plaintiff's response includes both. Those tables are separately paginated and are not counted within the twenty pages requested.

6. The supplemental declaration and its exhibits are filed separately and likewise form no part of the requested page count.

7. Granting this motion will not affect the briefing schedule. Plaintiff's response remains due August 27, 2026, and Defendant's reply September 10, 2026. [34.] Defendant is not prejudiced: he sought and received the same allowance, and his reply is unaffected.

8. Plaintiff notes, for completeness, that the July 31, 2026 exchange Defendant recounts at [30] ¶ 9 concerned Plaintiff's inability to take a position on motions Plaintiff had not yet seen. Plaintiff did not object to the length Defendant proposed, and does not now.

WHEREFORE, Plaintiff respectfully requests that the Court grant leave to file his Response in Opposition to Defendant No. 10's Motion to Vacate Default Judgment and for Dismissal of the Action in a length not to exceed twenty (20) pages.

DATED: August 28, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084/IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite 306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed on August 28, 2026, with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all registered attorneys of record.

*/s/ Keith A. Vogt*
Keith A. Vogt