**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARCELLO CORTI, | |
| Plaintiff, | Case No.: 1:26-cv-04839 |
| v. | Judge Manish S. Shah |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | Magistrate Judge Gabriel A. Fuentes |
| Defendants. | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT NO. 10'S MOTION TO VACATE DEFAULT JUDGMENT AND FOR DISMISSAL OF THE ACTION**

# TABLE OF CONTENTS


I. SERVICE WAS PROPER BECAUSE THE CONVENTION DOES NOT APPLY ............ 2

A. Legal Standard ............ 2

B. Plaintiff's Effort to Ascertain and Verify ............ 3

C. An Address At Which The Registering Authority Has Determined The Company Cannot Be Contacted Is Not A "Known" Address. ............ 5

D. The Record before the Court Provides Only One Address Which the Chinese Government Found Cannot Be Contacted and Defendant Identified none. ............ 5

E. The Authorities On Both Sides Are Satisfied On This Record, Not Evaded ............ 7

F. That One Supporting Document Was Retrieved In August Does Not Diminish The Showing ............ 9

II. EVEN IF THE CONVENTION APPLIES, THE REMEDY IS TO PERMIT SERVICE TO BE COMPLETED ............ 10

A. Not One Authority Defendant Cites Produced the Relief Defendant Requests ............ 10

B. Dismissal Is Discretionary, And A Rule 12(B)(5) Dismissal Ordinarily Is Without Prejudice ............ 10

C. The Relief Plaintiff Proposes ............ 11

D. Vacatur, if Ordered, Should Be Limited ............ 13

III. PERSONAL JURISDICTION IS PROPER BECAUSE DEFENDANT SOLD AN ACCUSED PRODUCT INTO ILLINOIS ............ 13

A. Defendant Bears The Burden In A Rule 60(B)(4) Motion ............ 13

B. Defendant concedes the completed Illinois sale ............ 14

C. Defendant Does Not Contest Purposeful Direction and Relatedness. ............ 15

D. The Two Arguments Defendant Makes About The Purchase Were Both Made In *HANWJH*, And Both Were Rejected ............ 15

E. Fair play and substantial justice — the only prong Defendant argues — was decided against this argument in *HANWJH* ............ 16

F. Defendant's Unsworn Declaration Defeats Its Own Argument ............ 17

IV. THE COMPLAINT STATES A CLAIM ............ 18

A. The Rule 12(b)(6) request is not a ground for the relief Defendant moved for ............ 18

B. The Ownership of the Registration Is Already Part of the Pleadings ............ 18

C. Section 410(C), Originality, and Rule 8 ............ 19

V. CONCLUSION ............ 20

# TABLE OF AUTHORITIES

## Cases

*Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, 2018 WL 4757939 (S.D.N.Y. Sept. 30, 2018) ........ 3, 9
*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985) ........ 16
*Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011) ........ 11
*Curry v. Revolution Labs., LLC*, 949 F.3d 385, 399 (7th Cir. 2020) ........ 15
*EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773 (7th Cir. 2007) ........ 19
*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991) ........ 19
*Harris v. Browning-Ferris Indus. Chem. Servs., Inc.*,100 F.R.D. 775 (M.D. La. 1984) ........ 10
*Hyper Ice, Inc. v. E Hung Tat Int'l Grp. Co.*, No. 25-cv-3643 (VSB) (JW), 2025 WL 4114192 (S.D.N.Y. Dec. 15, 2025) ........ 8, 10, 12
In re Fairfield Sentry Ltd., No. 10-13164, 2020 WL 7345988 (Bankr. S.D.N.Y. Dec. 14, 2020) 12
*Jones v. Flowers*, 547 U.S. 220, 231 (2006) ........ 5
*Kangol LLC v. Hangzhou Chuanyue Silk Import & Export Co.*, No. 25-2205, 177 F.4th 793 (7th Cir. 2026) ........ passim
*Kyjen Co., LLC v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A to Compl.*, No. 23 Civ. 612 (JHR), 2023 WL 2330429 (S.D.N.Y. Mar. 2, 2023) ........ 8
*Liu v. Monthly*, 170 F.4th 1090, 1092 (7th Cir. 2026) ........ 13, 15
*Luxottica Group S.p.A. v. Partnerships*, 391 F. Supp. 3d 816, 827–28 (N.D. Ill. 2019) ........ 10
*Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019) ........ 14, 16
*Microsoft Corp. v. Does 1-2*, No. 20-cv-1217, 2021 WL 4755518 (E.D.N.Y. May 28, 2021) ........ 8
*Moonbug Ent. Ltd. v. ABDG Store*, No. 22-cv-2386 (RA), 2025 WL 1796242 (S.D.N.Y. June 27, 2025) ........ 8, 10
*NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 623–24 (7th Cir. 2022) ........ 15, 16
*NBA Props., Inc. v. Partnerships*, 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021) ........ 3, 7
*Pierson v. National Institute for Labor Relations Research*, No. 15 C 11049, 2016 WL 6093490 (N.D. Ill. Oct. 17, 2016) ........ 17
*Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) ........ 14
*Robinson v. Hanrahan*, 409 U.S. 38, 40 (1972) ........ 5
*Smart Study Co. v. Acuteye-US*, 620 F. Supp. 3d 1382 (S.D.N.Y. 2022) ........ 8
*Smart Study Co. v. Shenzhenshixindajixieyouxiangongsi*, 164 F.4th 164 (2d Cir. 2025) ........ 2, 10
*Spin Master, Ltd. v. Aomore-US*, No. 23-cv-7099(DEH), 2024 WL 3030405 (S.D.N.Y. June 17, 2024) ........ 9, 10, 11, 12

## Statutes

17 U.S.C. § 507(b) ........ 14
Rule 12(b)(2) ........ 17
Rule 12(B)(5) ........ 13
Rule 12(b)(6) ........ 22
Rule 4(f) ........ 14, 15
Rule 4(m) ........ 14
Rule 60(b) ........ 17
Rule 60(b)(1) ........ 22
Rule 60(b)(4) ........ 13, 17, 22

**Treatises**

Hague Service Convention art. 1, Nov. 15, 1965, 20 U.S.T. 362 ........................................... 1, 2, 3
Fed. R. Civ. P. 60(b)(4)......................................................................................................____

Defendant No. 10 modeoutfit.com's ("Defendant") Motion to Vacate Default and Dismiss [32] ("Motion") should be denied for the following reasons:

First, the Hague Convention does not apply because Article 1 is inapplicable "where the address of the person to be served with the document is not known." Hague Service Convention art. 1, Nov. 15, 1965, 20 U.S.T. 361, 362. Plaintiff investigated Defendant's website, subpoenaed the payment processor, identified the company behind the storefront, located its registered domicile in the PRC enterprise record, and verified from the PRC government record that, sixteen days before service, the registering authority had recorded Defendant as unable to be contacted at its registered domicile. Defendant asks for Hague service but identified no address where service could have occurred. Even if the Court concludes that the Convention applied and service was insufficient, dismissal is not warranted. Defendant has appeared through U.S. counsel, fully briefed its defenses, and identifies no prejudice from curing service. The Court may quash service as to Defendant No. 10 and permit Plaintiff to renew his Rule 4(f)(3) application on the Article 1 record now before the Court or direct service through Defendant's U.S. counsel of record.

Next, personal jurisdiction is proper. Defendant sold an infringing product into Illinois, and Defendant's own evidence establishes the completed Illinois sale. Defendant's effort to minimize the sale as "single," "test," or Plaintiff-initiated has been rejected by the Seventh Circuit.

Last, Defendant's Rule 12(b)(6) argument is not a basis to void the judgment under Rule 60(b)(4), and it fails on its own terms. The registration attached to the Complaint identifies Marcello Corti as both author and claimant. The absence of a § 410(c) presumption is an evidentiary point, not a pleading defect. And copyright requires originality, not novelty; Defendant's observations about the work's subject matter go to scope and substantial similarity, not to whether the Complaint gives fair notice. For these reasons, the Motion should be denied.

## I. SERVICE WAS PROPER BECAUSE THE CONVENTION DOES NOT APPLY

The Seventh Circuit recently confirmed that the Hague Convention prohibits email service in China where the Convention applies, but that a district court must first determine whether the Convention applies at all. *Kangol LLC v. Hangzhou Chuanyue Silk Import & Export Co.*, No. 25-2205, 177 F.4th 793, 796 (7th Cir. 2026). The Convention does not apply "where the address of the person to be served with the document is not known." Hague Service Convention art. 1, Nov. 15, 1965, 20 U.S.T. 361, 362.

Defendant's brief begins where *Kangol* ends. Its first two sections assume the answer to the threshold question and argue only the consequence that follows if the Convention applies. Plaintiff does not dispute that narrow proposition: where the Convention applies, it does not authorize e-mail service on a defendant located in the People's Republic of China. But the concession carries far less than Defendant's briefing assumes, because Article 1 does not apply.

### A. Legal Standard

The Seventh Circuit began with Article 1's text, which provides that the Convention "shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad" but "shall not apply where the address of the person to be served with the document is not known." *Kangol*, 177 F.4th at 799 (quoting 20 U.S.T. at 362). The Second Circuit states the next step: the Rule 4(f)(2) and 4(f)(3) paths "are open when, as set forth in Article 1 of the Convention, 'the address of the person to be served with the document is not known' because in those circumstances the Convention does not apply." *Smart Study Co. v. Shenzhenshixindajixieyouxiangongsi*, 164 F.4th 164, 168 (2d Cir. 2025).

The test is conduct-based, not whether a registry contains a string of characters: "Before courts will accept that a defendant's address is 'not known,' the plaintiff must make reasonably diligent efforts to ascertain and verify defendant's mailing address." *NBA Props., Inc. v.*

*Partnerships*, 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021). The Seventh Circuit described the same practice without fixing its content, noting that district courts "typically require" such efforts. *Kangol*, 177 F.4th at 799.

Ascertaining a registry entry and verifying it as an address where the defendant may be reached are distinct acts. An address located and then verified to be a place where the defendant cannot be reached is not a "known" address. *NBA Props. v. Partnerships* identifies the pathway itself, contrasting the plaintiff there — who had done nothing — with a "plaintiff who investigated the available physical addresses of online merchant to see if they were valid for service and determined they were not," who "conducted reasonable diligence." *Id.* (citing *Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, 2018 WL 4757939, at *4 (S.D.N.Y. Sept. 30, 2018)).

**B. Plaintiff's Effort to Ascertain and Verify**

Below, Plaintiff details his efforts to ascertain the address, each bearing its own date, and each is sworn. *See* Supp. Decl. ¶¶ 5–13; Exs. 1–5.

First, Plaintiff made a purchase through Defendant's website modeoutfit.com on March 6, 2026, which identifies the seller only by a trade name, a mobile telephone number, and an e-mail address; no street, city, province, or postal code appears in it or on the storefront as captured. Exs. 1, 2 to the Supp. Decl.

Next, Plaintiff subpoenaed the payment processor under Rule 45 and received production on May 5, 2026 — nine days before service — naming the business associated with the account as 广州聃圭网络科技有限公司 (Guangzhou Dangui Network Technology Co., Ltd.) and the account user as 魏智勇 (Zhiyong Wei). Ex. 3 to the Supp. Decl. at 1.

Third, Plaintiff located that entity in the PRC enterprise record published by 天眼查 (Tianyancha), which lists 全国企业信用信息公示系统 (the PRC National Enterprise Credit

Information Publicity System) first among the 数据来源 (data sources) stated on its pages, and which gives the company's Unified Social Credit Code as 91440106MABWANMF60, names 魏智勇(Zhiyong Wei) as its 法定代表人(legal person), and states its registered domicile: 广州市天河区中山大道中 286 号 506 房 F052 (Guangzhou City, Tianhe District, Zhongshan Ave Middle, No. 286, Room 506 F052), a subdivided suite in Tianhe District, Guangzhou. Ex. 4 to the Supp. Decl. at 1. The company registered with the PRC enterprise record is consistent with the subpoenaed company information, and it is later confirmed by Defendant's own declaration. [32-2] ¶ 1.

Plaintiff then verified the information. The PRC government record shows the company in 经营异常 (abnormal operations) status on the enumerated statutory ground: 通过登记的住所或者经营场所无法联系的 (cannot be contacted at the registered domicile or place of business) as of April 28, 2026 by the 广州市天河区市场监督管理局 (Guangzhou City Tianhe District Market Supervision Administration), by the authority that registered the company. Ex. 4 to the Supp. Decl. at 2. The record corroborates the finding: an employee count of zero reported for 2025, a registered address stated as a unit within a room of a building rather than free-standing premises, and a registered telephone the record flags as shared with 99+ other companies. Ex. 4 to the Supp. Decl. at 1.

The only other addresses anywhere in the record are two the payment processor flagged HOME_OR_WORK, both in rural areas of Jiangxi Province, a different province roughly 500 kilometers (about 310 miles) from the province where the company is registered, and bearing different postal codes and different village-level detail from one another. Ex. 3 to the Supp. Decl. at 2. Plaintiff's research on leading Chinese mapping platforms as well as Chinese food-delivery applications could not locate these addresses. Supp. Decl. ¶ 10; Ex. 5 to the Supp. Decl.

### C. An Address At Which The Registering Authority Has Determined The Company Cannot Be Contacted Is Not A "Known" Address.

An address at which the registering government has formally determined the company cannot be reached is not a "known" address under Article 1. See *Jones v. Flowers*, 547 U.S. 220, 232 (2006) ("[T]he State had not provided constitutionally sufficient notice, despite having followed its reasonably calculated scheme, because it knew that Robinson could not be reached at his address of record."); *see also Robinson v. Hanrahan*, 409 U.S. 38, 40 (1972) ("the State knew that appellant was not at the address to which the notice was mailed"). It is the opposite: a government documented finding that the Hague Convention's service machinery — which delivers documents to a physical place — has no place to deliver to.

The Hague Convention operates by delivery to an address. Article 2 requires each Contracting State to designate a Central Authority to receive requests; Article 3 requires the request to conform to the model annexed to the Convention, which calls for the address of the person to be served; and Article 5 directs the Central Authority to serve the document "by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory." The machinery presupposes a place where the addressee is to be found.

Article 1 accounts for the case in which there is no such place. It does not ask whether an address exists as a datum; it asks whether the address is not known. A street identifier that the registering government has formally determined to be a location at which the company cannot be contacted supplies no place at which Article 5 delivery can occur.

### D. The Record before the Court Provides Only One Address Which the Chinese Government Found Cannot Be Contacted and Defendant Identified none.

The record now before the Court concerns the same company with the same registered domicile Defendant provided to its payment processor, used in the Chinese government enterprise

registry, and now relies on as a basis for relief: 广州聃圭网络科技有限公司 (Guangzhou Dangui Network Technology Co., Ltd.) and legal person/account user as 魏智勇 (Zhiyong Wei).

This registered domicile is not merely incomplete or inconvenient; the Chinese registering authority has formally determined that Defendant cannot be contacted there. Plaintiff did not fail to find the address — Plaintiff found it, verified it, and established from the PRC government's own record that it is not an address at which Defendant can be reached.

Defendant's motion never engages that record, and it does not supply the one thing that would answer it. Defendant asks to be served under the Convention without identifying where service could occur. Mr. Wei, the company's chief executive and the person that the record names as its legal representative, is the person best placed of anyone to state where his own company may be served — states only that the company is "incorporated in the People's Republic of China and has its principal place of business in China." [32-2] ¶¶ 1, 3. He adds that the company "was not served through China's Central Authority under the Hague Convention," *id.* ¶ 13, without saying where the Central Authority should have sent it. He provides no street, no city, no province, and no postal code. No registry extract or business license is attached. On a motion whose premise is that a serviceable address was available to Plaintiff, Defendant identifies none.

Furthermore, Mr. Wei's Declaration is not made under penalty of perjury. [32-2]. Executed outside the United States, it was required to be subscribed "as true under penalty of perjury" in substantially the form 28 U.S.C. § 1746 prescribes; the same filing package uses that formula correctly on the translator's certification to Exhibit A.

Nor does the motion acknowledge what that record says. Defendant tells the Court the address was ascertainable while omitting that the authority that registered its company has recorded it as one at which the company cannot be contacted, on an enumerated statutory ground,

entered before service. Either Defendant is aware of that entry and has not disclosed it, or Defendant did not examine its own registration before representing to the Court that the address was ascertainable. On either footing the representation is unsupported.

The omission is structural, because Defendant's own records foreclose every candidate: it cannot adopt the registered domicile, where the registering authority has recorded that the company cannot be contacted; it cannot adopt either Jiangxi address, which contradict one another and sit roughly 500 kilometers from the registrant's own province; and it cannot adopt any other address without contradicting its company's own registration. Defendant asserts that a serviceable address existed while declining to identify one, because its own corporate records supply none.

**E. The Authorities On Both Sides Are Satisfied On This Record, Not Evaded**

None of Defendant's authorities supports a lack of diligence on Plaintiff. Defendant's lead authority, *NBA Props. v. Partnerships*, does not condemn Plaintiff's diligence; it explains why this record is different. In that case, the plaintiff already had the defendant's address because the defendant had "uploaded its true and correct address to Amazon.com," and that address appeared in the plaintiff's own exhibits. 549 F. Supp. 3d at 796. In this case, Defendant's storefront published no physical address, and Plaintiff had to obtain it from the payment processor before locating and verifying its registered domicile. Nor does Plaintiff advance the generic proposition about online sellers that *NBA Props.* rejected. Plaintiff offers instead a dated, defendant-specific determination by the Chinese registering authority that this company could not be contacted at its registered premises, entered before service. That is the diligence *NBA Props.* found missing.

Similarly in *Smart Study Co. v. Acuteye-US*, the court listed among the efforts that establish diligence "extensive investigation and [issued] subpoenas to the relevant domain registrars and email providers," and found the showing before it deficient because "Plaintiffs do not claim that they sought information from Amazon regarding the defendants' addresses." 620 F. Supp. 3d 1382,

1391 (S.D.N.Y. 2022) (first quoting *Microsoft Corp. v. Does 1-2*, No. 20-cv-1217, 2021 WL 4755518, at *3 (E.D.N.Y. May 28, 2021)). Plaintiff did what *Smart Study* found missing: he subpoenaed the payment processor and used the production to identify Defendant and locate its registered domicile. Defendant's charge that Plaintiff's efforts were "even more deficient than those rejected in *Smart Study*," [32] at 15, inverts the case. *Kyjen* points the same way, requiring no physical step at all where the available channel produced nothing: because "there is no other means to obtain the physical addresses" of the defendants whose platform withheld them, those addresses were "deemed 'not known'" and the plaintiff had "satisfied the 'reasonable diligence' standard." *Kyjen Co., LLC v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A to Compl.*, No. 23 Civ. 612 (JHR), 2023 WL 2330429, at *2 (S.D.N.Y. Mar. 2, 2023). And *Moonbug* — the benchmark Defendant himself selects, [32] at 14 — credited a showing drawn from the defendants' storefronts, a major Chinese search engine, and registry sources compiling the National Enterprise Credit Information Publicity System and other official government records. *Moonbug Ent. Ltd. v. ABDG Store*, No. 22-cv-2386 (RA), 2025 WL 1796242, at *3–*4 (S.D.N.Y. June 27, 2025). Plaintiff ran those same channels and more: the storefront, the payment processor's subpoena production, and the enterprise registry, which carried the registering authority's own pre-service determination that Defendant cannot be contacted at its registered domicile. The cases denying alternative service confirm the distinction. *Hyper Ice* found diligence lacking where the plaintiff labeled an address "false and/or outdated" but "did not explain the basis for that assessment, or what steps, if any, Plaintiff took to confirm" it. *Hyper Ice, Inc. v. E Hung Tat Int'l Grp. Co.*, No. 25-cv-3643 (VSB) (JW), 2025 WL 4114192, at *2, *5 (S.D.N.Y. Dec. 15, 2025) And *Spin Master* rejected a showing where counsel was "not aware" what steps a consultant had taken and no authority supported treating "merely hiring a consulting service, with

no explanation of what steps the service took (if any) to verify defendants' addresses," as reasonable diligence. *Spin Master, Ltd. v. Aomore-US*, No. 23-cv-7099(DEH), 2024 WL 3030405, at *3, *6 (S.D.N.Y. June 17, 2024). Those cases required a stated, verifiable basis. Plaintiff has one: not a litigant's inference from returned mail or a locked door, but the registering authority's own finding, entered on an enumerated statutory ground sixteen days before service, that Defendant cannot be contacted at the registered premises.

Defendant's failure to name an address leaves a single move available on reply: produce one for the first time — a registry extract, a business license, an affidavit identifying premises — and argue backward from it that Plaintiff should have found the same thing before serving. That path has been rejected. In *Advanced Access*, the defendant came forward after the fact with affidavits and property records for two Beijing addresses; the court held this "does not shed any light on whether Plaintiff exercised reasonable diligence," faulting the defendant for failing to show the information "was public or readily available to Plaintiff at the time." 2018 WL 4757939, at *5. A defendant who produced two documented addresses did not defeat Article 1. In this case, the Defendant produces none.

### F. That One Supporting Document Was Retrieved In August Does Not Diminish The Showing

The enterprise record attached as Exhibit 4 was retrieved in August 2026, after this motion was filed; but the record it reflects predates service: the 经营异常 (abnormal operations) entry was made on April 28, 2026, sixteen days before service; the processor production on May 5, 2026, nine days before; the transaction record on March 6, 2026. Exhibits 1, 2, and 3 are pre-suit or pre-service documents already in Plaintiff's possession. Supp. Decl. ¶¶ 5–10, 12. Each establishes the state of affairs as it existed when service was effected, whatever the date on a printout. *Kangol* remanded with instructions to decide exactly this threshold question, 177 F.4th at 802, and

*Moonbug* credited a diligence showing made in supplemental briefing ordered years after the original Rule 4(f)(3) order, *Moonbug*, 2025 WL 1796242, at *2, *5. The principle that the *ex parte* record is not the operative one is in any event Defendant's own: he relies on *Luxottica Group S.p.A. v. Partnerships*, 391 F. Supp. 3d 816, 827 (N.D. Ill. 2019), which held that a service order "obtained ex parte and under seal" does not "withstand scrutiny under full adversary briefing." Defendant cannot invoke *Luxottica* to reopen the record and then object when Plaintiff fills it.

## II. EVEN IF THE CONVENTION APPLIES, THE REMEDY IS TO PERMIT SERVICE TO BE COMPLETED

### A. Not One Authority Defendant Cites Produced the Relief Defendant Requests

*Kangol* reversed and remanded; it did not vacate, and it declined to reach voidness or the return of collected funds. 177 F.4th at 802. *Smart Study* affirmed a dismissal without prejudice, 164 F.4th at 168; *Luxottica* granted a motion to dismiss but without prejudice and set a status hearing on re-service, 391 F. Supp. 3d at 827–28; *Spin Master* quashed service, retained the case, and gave thirty days to begin proper service or renew the Rule 4(f)(3) motion, 2024 WL 3030405, at *18; and *Hyper Ice* denied the Rule 12(b)(5) motion and ordered service on "U.S.-based counsel", No. 25-cv-3643 (VSB) (JW), Dkt. 39, at 3–4 (S.D.N.Y. Mar. 2, 2026). *Harris v. Browning-Ferris Indus. Chem. Servs., Inc.*, which Defendant cites for the preemption rule and then leaves, ordered "that the motion of the defendant … to dismiss be and it is hereby DENIED," granting "an additional thirty days in which to properly serve." 100 F.R.D. 775, 778 (M.D. La. 1984). Defendant's authority for the rule is authority against the remedy it seeks. And its request that the Complaint be dismissed "with prejudice," [32] at 2, appears once in the motion and in no operative part of it — not the prayer, [32] at 1, not the conclusion, [32] at 20, not the notice of motion, Dkt. 33.

### B. Dismissal Is Discretionary, And A Rule 12(B)(5) Dismissal Ordinarily Is Without Prejudice

Vacatur under Rule 60(b)(4) returns the case to its pre-judgment posture; what follows is governed by the framework for insufficient service, and that framework is discretionary. Where a plaintiff has not met its service burden, "the district court must either dismiss the suit or specify a time within which the plaintiff must serve the defendant," and "the decision of whether to dismiss or extend the period for service is inherently discretionary." *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). Rule 4(m)'s 90-day deadline does not apply to service in a foreign country under Rule 4(f), Fed. R. Civ. P. 4(m), so Plaintiff has missed no deadline, and no dismissal is compelled by lapse of time.

Such a dismissal moreover "ordinarily should be entered without prejudice," *Cardenas*, 646 F.3d at 1007, and *Cardenas* affirmed a with-prejudice dismissal only because the limitations period had run during the case, *id.* at 1007–08. No limitations bar exists here: this action was filed April 28, 2026, on infringement documented in March 2026, well within 17 U.S.C. § 507(b). Prejudice is the touchstone, and Defendant identifies none. Dismissal "will be granted only when the defect is prejudicial to the defendant," and upon a finding of insufficient service a court "may, in its discretion, retain the case, quash service, and direct that service be effectuated properly." *Spin Master*, 2024 WL 3030405, at *11 (internal citation omitted). Defendant received actual notice, appeared through counsel, and has fully briefed every defense it wishes to press; it identifies no witness lost, no document unavailable, no argument foreclosed. Nor does it deny the conduct — across fourteen paragraphs of his declaration, Mr. Wei never states that the product did not infringe, that Defendant did not sell it, or that Defendant held a license, and he affirms that the store is his company's and that it sold and shipped the accused item. [32-2] ¶¶ 1, 7–8.

### C. The Relief Plaintiff Proposes

If the Court concludes that service did not satisfy Rule 4(f), the remedy is to permit service to be completed, not to end the case. Plaintiff respectfully requests that the Court quash service as

to Defendant No. 10, retain the case, and enter one or both of the following: (i) leave to renew the Rule 4(f)(3) application on the Article 1 record now before the Court — the disposition entered in *Spin Master*, 2024 WL 3030405, at *18; or (ii) an order directing that service be perfected through Defendant's appeared counsel of record, with a status date on method and schedule — the relief entered in *Hyper Ice*, Dkt. 39, at 3–4.

Defendant's own authority supplies the first form of relief, and nothing in it withholds the second. *Spin Master*'s observation that a plaintiff "cannot have it both ways: service cannot be both completed in China for purposes of invoking Rule 4(f), while at the same time also completed in the United States for purposes of avoiding the requirements of the Hague Convention," 2024 WL 3030405, at *7, was addressed to a plaintiff asking the court to treat service as already accomplished — in China and in the United States at once. Plaintiff asks for nothing of the kind. Plaintiff asks the Court to direct, prospectively, how service is to be perfected on a defendant who has appeared, retained counsel, briefed every defense he wishes to press, and identified no prejudice from curing service. That is a question of remedy, and *Spin Master* answered it the same way Plaintiff asks the Court to answer it here: decline dismiss, quash service, and give the plaintiff thirty days to begin proper service or to renew under Rule 4(f)(3). *Id.* at *18. On the merits of counsel service, *Spin Master* specifically noted that "the majority [of courts] view service on U.S.-based counsel [as] a permissible method under Rule 4(f)(3)." *Id.* at fn.6 (quoting *In re Fairfield Sentry Ltd.*, No. 10-13164, 2020 WL 7345988, at *12 (Bankr. S.D.N.Y. Dec. 14, 2020)). *Hyper Ice* is a more recent order directing counsel service after considering *Smart Study* upon recommendation by the magistrate judge. Dkt. 38, at 2; Dkt. 39, at 3–4. Either course gives Defendant everything the Convention protects — a properly served proceeding in which to defend — while preserving a case in which it has already appeared and briefed.

### D. Vacatur, if Ordered, Should Be Limited

*Kangol* left the downstream questions to the remand, declining to reach the Article 15 objection as "premature" and declining to address whether the defendant there could "recover money transferred to Kangol in fulfillment of the judgment, because whether the judgment is void is yet to be determined." 177 F.4th 802. Here, that question is bounded. No temporary restraining order, preliminary injunction, or asset restraint was ever sought or entered in this action. The judgment entered June 11, 2026 capped any restraint and release at $12,500 per defaulting defendant, [27] ¶¶ 4–6, and the judgment has been satisfied in the amount and on the date stated in Plaintiff's supporting declaration. Supp. Decl. ¶ 15. If vacatur is ordered, that sum is a known figure and is returnable — which is precisely why vacatur does not require dismissal.

Nor does the Convention treat a non-responding channel as a reason to end a case: Article 15 permits judgment to be entered where "no certificate of service or delivery has been received," so long as the document was transmitted, "not less than six months" has elapsed, and "every reasonable effort has been made to obtain [the certificate]." The Convention contemplates that a request may not produce delivery and answers it with a path to judgment rather than dismissal. Defendant's proposed remedy has no support in the treaty it invokes.

## III. PERSONAL JURISDICTION IS PROPER BECAUSE DEFENDANT SOLD AN ACCUSED PRODUCT INTO ILLINOIS

### A. Defendant Bears The Burden In A Rule 60(B)(4) Motion

Defendant challenges personal jurisdiction pursuant to Rule 12(b)(2) and frames this as a failure of Plaintiff's proof. [32] at 15. However, this is a motion to vacate under Rule 60(b)(4). As the Seventh Circuit explicit stated in the very decision cited by Defendant: in a motion for relief under Rule 60(b), "[t]he defendant bears the burden of proving the court's lack of personal jurisdiction." *Liu v. Monthly*, 170 F.4th 1090, 1093 (7th Cir. 2026). Defendant also invokes Rule 12(b)(2). The same conclusion follows even under the Rule 12(b)(2) standard Defendant invokes.

When the district court rules without an evidentiary hearing and based on the written materials, the plaintiff "need only make out a prima facie case of personal jurisdiction." *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). Where a defendant submits evidence opposing the district court's exercise of personal jurisdiction, the plaintiff facing a defendant's evidentiary submission must "submit affirmative evidence supporting the court's exercise of jurisdiction." *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019). Plaintiff has done so, and the affirmative evidence is supplied by Defendant's own submissions.

### B. Defendant concedes the completed Illinois sale

Defendant describes this case as one "concern[ing] a single test sale by a Chinese e-commerce company to an Illinois address." [32] at 16. Mr. Wei declares that "[t]he Company's records show that only one unit of the allegedly infringing product was ever sold worldwide," and that this sole purchase was the test purchase shipped to "111 W JACKSON BLVD." [32-2] ¶ 8. Exhibit 1 to Mr. Wei's declaration — the backend sales record he swears contains the company's "complete and accurate sales records for the allegedly infringing product," [32-2] ¶ 7 — records Order No. 51537M133525, Payment Time 2026-03-06 14:37:59, Order Amount 67.98 USD, shipped to Chicago, Illinois. [32-2] at 6. Plaintiff's transaction record for the same purchase matches on date, amount, order identifier, and destination. Ex. 1; Supp. Decl. ¶¶ 5, 11. There is no factual dispute to resolve.

That fact decides this section under the rule Defendant quotes. Defendant quotes *Liu* for the third due-process requirement, but stops before the next paragraph applying the test in Schedule A cases. [32] at 16. There, the Seventh Circuit explained:

> In the context of Schedule A litigation, a defendant's operation of an online store accessible in the forum state, **combined with completed sales in the forum state, has been found sufficient to subject that defendant to personal jurisdiction**.

*Liu*, 170 F.4th at 1093 (emphasis added). *Liu* vacated the judgment there because the evidence showed "only that it was possible to order the defendants' products and have them shipped to Illinois, not that such sales took place" — screenshots of a checkout page "but not a completed purchase." *Id.* at 1093–94. Defendant's own record supplied precisely what the *Liu* record lacked.

### C. Defendant Does Not Contest Purposeful Direction and Relatedness.

Specific jurisdiction has three requirements: purposeful availment or direction; an injury arising out of or relating to the defendant's forum-related activities; and consistency with fair play and substantial justice. *NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 623–24 (7th Cir. 2022). Defendant argues only the third. [32] at 15–17. The first two are satisfied by Defendant's own evidence. A defendant that "established an online store," "unequivocally asserted a willingness to ship goods to Illinois and established the capacity to do so," and, "[w]hen an order was placed, … filled the order, intentionally shipping an infringing product to the customer's designated Illinois address," has purposefully directed its conduct at this forum. *Id.* at 624. Mr. Wei's unsworn declaration that Defendant has not "targeted Illinois residents with their advertisements" ([32-2] ¶ 5) does not defeat jurisdiction. The Seventh Circuit has held that "[t]here is no per se requirement that the defendant especially target the forum in its business activity." *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 399 (7th Cir. 2020). Relatedness is satisfied for the same reason: the required link is "arise out of or relate to," is expressly not causal, and "is met when direct sales from the defendant in the forum state involve the infringing product." *HANWJH*, 46 F.4th at 625.

### D. The Two Arguments Defendant Makes About The Purchase Were Both Made In *HANWJH*, And Both Were Rejected

Defendant's characterizations — a "single" test sale, "investigator-initiated," "orchestrated by Plaintiff," [32] at 16–17 — are the two arguments the appellant advanced and lost in *HANWJH*. "NBA Properties' motivations in purchasing the allegedly illegal item are in no way relevant," 46

F.4th at 624, and "[t]he question is not whether the plaintiff purchased enough goods," because a "rigid numerical line" would embrace the "talismanic jurisdictional formulas" the Supreme Court has told courts to avoid, *id.* at 624–25.

*Matlin*, the one case in which a lone plaintiff-initiated purchase failed, is distinguishable on the grounds *Matlin* itself gave. Its dispositive concern was a contact manufactured after the fact: the plaintiffs there "attempted to salvage personal jurisdiction—after the defendants moved to dismiss—by luring [the defendants] into shipping a product into Illinois," and the court "cannot allow plaintiffs to base jurisdiction on a contact that did not exist at the time they filed suit." 921 F.3d at 707. Here the purchase was made March 6, 2026, seven weeks before the Complaint was filed on April 28, 2026. And *Matlin* rejected the Illinois sale because it was not the wrong complained of: "The Illinois sales are not the issue here." *Id.* This is that case — the shipment into Illinois is the act of infringement Plaintiff sues upon.

### E. Fair play and substantial justice — the only prong Defendant argues — was decided against this argument in *HANWJH*

Because minimum contacts are established, Defendant "must present a compelling case" that other considerations would render jurisdiction unreasonable. *HANWJH*, 46 F.4th at 627 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)). Here Defendant presented none. That the parties are foreign to Illinois, [32] at 17, is the argument rejected in *HANWJH*, where the plaintiff's principal places of business were elsewhere and it "nevertheless has an interest in ensuring that its [rights are] protected … in the Illinois market." 46 F.4th at 627. That *NBA Properties* turns on the Bulls playing in Chicago, [32] at 16–17, appears nowhere in the opinion; that analysis rested on the defendant's own conduct and on the fact that it "allege[d] no unusual burden in defending the suit in Illinois," *id.*, which Defendant likewise does not allege. And that copyright implicates no Illinois interest, [32] at 16–17, asks this Court to hold that due

process changes with the statute invoked — for which Defendant cites nothing, and which *Liu* contradicts by stating the rule in terms of "completed sales in the forum state" without qualification as to claim type. 170 F.4th at 1093.

Defendant's sole affirmative authority on the forum-interest factor is *Pierson v. National Institute for Labor Relations Research*, No. 15 C 11049, 2016 WL 6093490 (N.D. Ill. Oct. 17, 2016), which he describes as finding that Illinois had "little interest" in a dispute "between a Virginia plaintiff and a Virginia defendant." [32] at 16. The Virginia parties in *Pierson* were the defendants: "Greer is a citizen of Virginia and also works in the state, and NILRR is a Virginia company." *Id.* at *9. The plaintiff was the party connected to this forum — "the only connection between Defendants' allegedly tortious post and the forum state is that Plaintiff happens to live in Illinois," *id.* at *8 — and the forum's interest was slight because the post "reported on Indiana events relating to an Indiana law, and it does not reference Illinois in any way," *id.* at *9. *Pierson* dismissed for want of jurisdiction over defendants who had done nothing in Illinois. Defendant here shipped an accused product into it.

### F. Defendant's Unsworn Declaration Defeats Its Own Argument

Every jurisdictional fact Defendant offers comes from the Wei declaration, which carries no attestation under penalty of perjury — a defect that matters here because Defendant carries the burden and has offered nothing else to carry it with. Taken on its own terms, the declaration establishes Plaintiff's case: it admits the company owns and operates the store, that the store took an order to a Chicago address and filled it, and that the order was for the accused product. [32-2] ¶¶ 1, 6–8. It does not deny that the product infringes, that Defendant sold it, or that Defendant lacked a license. It states that Defendant has never maintained an office, employees, bank accounts, or assets in "New York" or any other part of the United States, [32-2] ¶ 4 — a paragraph addressed to the wrong forum. And it asserts that Defendant "did not receive notice of this lawsuit through

service of process or otherwise," then states in the next sentence that Defendant received "an email … advising that Plaintiff had filed a Motion for Default Judgment." [32-2] ¶ 10. Both statements cannot be true.

## IV. THE COMPLAINT STATES A CLAIM

### A. The Rule 12(b)(6) request is not a ground for the relief Defendant moved for

Defendant moves under Rule 60(b)(4) to vacate the judgment as void. Whether a judgment is void turns on jurisdiction and on the opportunity to be heard; it does not turn on whether the complaint states a claim. A meritorious defense is an element of relief under Rule 60(b)(1), which Defendant did not invoke. Plaintiff therefore answers in the alternative, and only if the Court reaches it. The ordering matters for a second reason: Defendant asks the Court to hold, in one motion, that it has no personal jurisdiction over it and that it should nonetheless enter a merits dismissal. The second presupposes the adjudicatory power the first denies.

### B. The Ownership of the Registration Is Already Part of the Pleadings

Defendant challenges Plaintiff's ownership of his registration by mere speculation: that Mr. Corti worked as a "freelance artist" serving "customers," that "[i]f the artwork was created as a work made for hire, the copyright would belong to the commissioning party rather than Mr. Corti." [32] at 18. The registration itself answers it, and it is and has been before the Court: the Complaint alleges the registrations "are attached hereto as Exhibit 1," [1] ¶¶ 5, 10, and an exhibit to a pleading "is a part of the pleading for all purposes," Fed. R. Civ. P. 10(c). The Certificate for VA 2-391-094, [1-1] at 30, **names Marcello Corti individually as both Author and Copyright Claimant**. (Emphasis added). Had this been a work made for hire the certificate would say so: the Act requires the application to state it, 17 U.S.C. § 409(4), and requires that the employer, not the artist, be named as author, *id.* § 201(b). The certificate contains no such statement and records no transfer — the claimant *is* the author. Defendant acknowledged it too: "Plaintiff's own copyright

registration identifies the author and claimant as Marcello Corti, an Italian national." [32] at 16. Work for hire is a contention about how the work came to be made, not an element Plaintiff must negate in his pleading.

**C. Section 410(C), Originality, and Rule 8**

Plaintiff does not dispute that registration was effective more than five years after first publication, and that the presumption under § 410(c) therefore does not attach. However, that does not defeat the claim. Section 410(c) is a rule of evidence addressed to "judicial proceedings" and evidentiary weight, not what a complaint must allege, and it commits a later certificate to "the discretion of the court." That the work depicts a familiar subject is likewise not the test. "[T]he requisite level of creativity is extremely low," and "[o]riginality does not signify novelty; a work may be original even though it closely resembles other works so long as the similarity is fortuitous, not the result of copying." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991). Defendant's observation may go to the scope of protection and to substantial similarity, but those are merits questions for a developed record.

Finally, Rule 8 requires fair notice, not a pre-discovery infringement analysis; Defendant's own authority describes "two easy-to-clear hurdles." *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). The Complaint identifies the registrations by number and attaches the certificates and the deposited works, alleges the works are original, alleges Plaintiff holds the exclusive rights infringed, and identifies the conduct and the rights violated. [1] ¶¶ 5, 10, 18–20. The Amended Schedule A names Defendant No. 10 as modeoutfit.com. [12]. A defendant reading that knows which works, which storefront, and what conduct is alleged. The premise that the Complaint "impermissibly groups dozens of unrelated defendants" ([32] at 19) is incorrect. The operative Amended Schedule A names ten defendants, two of which were dismissed June 5, 2026, [22], leaving eight.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's motion [32] in its entirety.

In the alternative, if the Court finds that the Convention applied and that service was insufficient, dismissal is not warranted. Plaintiff respectfully requests that the Court quash service as to Defendant No. 10 only, retain jurisdiction, and permit service to be cured. Plaintiff respectfully requests that the Court (i) grant Plaintiff leave to renew his alternative service under Rule 4(f)(3) on the Article 1 record now before the Court, or (ii) direct service through Defendant's counsel of record and set a status date for completion of service. Plaintiff further requests that any relief be limited to the service on Defendant No. 10, without prejudice to Plaintiff's ability to cure service and proceed on its claims.

DATED: August 28, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084/IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite 306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed on August 28, 2026, with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all registered attorneys of record.

*/s/ Keith A. Vogt*
Keith A. Vogt