**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MARCELLO CORTI,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No.: 1:26-cv-04839

Judge Manish S. Shah

Magistrate Judge Gabriel A. Fuentes

**SUPPLEMENTAL DECLARATION OF YANLING JIANG REGARDING EFFORTS TO ASCERTAIN AND VERIFY THE PHYSICAL ADDRESS OF DEFENDANT NO. 10**

I, Yanling Jiang, declare as follows:

## INTRODUCTION

1. I am counsel of record for Plaintiff Marcello Corti in this action and am admitted to practice before this Court. I make this declaration based on my personal knowledge, on my review of the records of this Court in this action, on documents produced to Plaintiff in discovery in this action, and on the results of investigative steps I performed or that were performed at my direction. If called as a witness, I could and would testify competently to the matters stated herein.

(a) I am fluent in written and spoken Mandarin Chinese and am able to read documents written in Chinese characters. Except where I state otherwise, I read each Chinese-language document described below in its original language.

(b) Where a Chinese-language document is attached as an exhibit, I have attached the document in its original language. I did not obtain a separate certified translation. Every

English rendering of Chinese text in this declaration is my own, made by reading the original, and where a term matters I set out the original characters together with my understanding of them so that the Court is not dependent on my rendering alone. If the Court prefers a certified translation of any exhibit, Plaintiff will obtain and file one promptly.

2. I submit this declaration in support of Plaintiff's Response in Opposition to the Motion of Defendant No. 10 to Vacate the Default Judgment and Dismiss (ECF No. 32). It sets out the steps taken to ascertain and verify a physical address for Defendant No. 10, which operates the online storefront modeoutfit.com, and the outcome of each step.

3. Except where I state otherwise, this declaration concerns Defendant No. 10 only. I express no view as to any other Defendant identified on Schedule A.

## PROCEDURAL BACKGROUND

4. I have reviewed the docket in this action. It reflects the following. Plaintiff filed this action on April 28, 2026. On May 4, 2026, the Court entered an order granting expedited discovery and authorizing service on the Defendants identified on the First Amended Schedule A by electronic mail and electronic publication. (ECF No. 17.) On May 14, 2026, Plaintiff filed a certificate of service stating that Defendant No. 10 had been served in accordance with that order. (ECF No. 20-1.) Default judgment was entered on June 11, 2026. (ECF Nos. 26, 27.) Defendant No. 10 appeared through counsel on August 5, 2026 (ECF No. 29) and filed the motion now pending (ECF No. 32).

## STEPS TAKEN TO ASCERTAIN AND VERIFY AN ADDRESS

5. **Storefront and transaction record.** Plaintiff's pre-suit evidence for Defendant No. 10 includes a transaction record for a test purchase made from modeoutfit.com on March 6, 2026, and

a capture of the modeoutfit.com storefront pages made on November 19, 2025. The transaction record identifies the seller by the trade name "GARTAST.Tech.Co.,Ltd", by the telephone number +86 13173682462, and by the electronic mail address paypal@sinceregive.com. It does not state a street, city, province, or postal code. No physical address appears on the storefront pages as captured; the pages include a site footer listing "HELP & SUPPORT," "COMPANY INFO," "Privacy Policy," "About Us," and "Contact Us," and no street, city, province, or postal code appears in that footer or elsewhere on the captured pages. A true and correct copy of the transaction record is attached as Exhibit 1, and of the storefront capture as Exhibit 2.

6. **Subpoena to the payment processor.** Pursuant to the expedited discovery authorized by the Court's May 4, 2026 order, Plaintiff served a subpoena under Rule 45 on PayPal, Inc. I have reviewed the records PayPal produced in response, which Plaintiff received on May 5, 2026. The production identifies the business associated with the account as 广州聃圭网络科技有限公司, gives the credit card statement name as GARTASTTECH, and gives a customer service telephone number of +86 13173682462. It identifies the account user by the given name 智勇 and the surname 魏. In its business fields the production states no Unified Social Credit Code, no registered address, and no street, city, province, or postal code; the addresses that appear elsewhere in the production are described in ¶ 10 below. A true and correct copy of that production is attached as Exhibit 3; the fields described in this paragraph appear at Ex. 3, p. 1.

7. **Enterprise-record search on the entity identified by the payment processor.** On August 6, 2026, I searched Tianyancha (天眼查), a commercial enterprise-information database that lists the National Enterprise Credit Information Publicity System (全国企业信用信息公示系统) first among the data sources (数据来源) stated on its pages, for 广州聃圭网络科技有限公司, and retrieved the company record for that entity at

https://www.tianyancha.com/company/5679423435. That record gives the company's Unified Social Credit Code as 91440106MABWANMF60, names 魏智勇 as its 法定代表人 (legal representative), and states a registered address of 广州市天河区中山大道中 286 号 506 房 F052. Ex. 4, p. 1. On August 19, 2026, I retrieved the 企业动态 record for the same entity at https://www.tianyancha.com/monitorDynamic/companyDynamic/5679423435. That record reports that the company was listed in 经营异常 status (被列入经营异常) on the ground 通过登记的住所或者经营场所无法联系的, that the listing authority (列入机关) was the 广州市天河区市场监督管理局, and that the listing date (列入日期) was April 28, 2026. Ex. 4, p. 2. True and correct copies of the two records are attached as Exhibit 4, pages 1 and 2 respectively.

8. **The Chinese terms that matter, and my reading of them.** The record described in ¶ 7 is in Chinese. I read it in the original. Two terms bear on the facts stated above, and I set out the original characters and my understanding of each so that the Court is not dependent on my rendering alone:

(a) 经营异常 — "abnormal operations." It denotes a status the registering authority applies to a registered company and publishes on the enterprise registry.

(b) 通过登记的住所或者经营场所无法联系的 — "cannot be contacted through the registered domicile or place of business." This is the specific enumerated ground on which the 经营异常 status was applied to this company, and it is the phrase the record displays as the reason for the entry.

I also read the registered address in ¶ 7, the company name in ¶ 6, and the two addresses in ¶ 10 in their original characters.

9. **Further contents of the record.** The same record described in ¶ 7 reports an employee count (员工人数) of 0 for 2025; gives the registered address as Room 506, unit F052, which is a subdivided unit within a building rather than free-standing premises; and lists a registered telephone number, 18126136986, which the record reports as shared with more than ninety-nine other companies (同电话企业). Ex. 4, p. 1.

10. **Addresses appearing in the payment processor production.** The PayPal production described in ¶ 6 contains three address entries for the account, which resolve to two distinct addresses:

(a) 鹤子镇大峯村 193 号, 赣州, 江西 341000; and

(b) 江西省赣州市安远县鹤子镇大峯村外村组 39 号 342100.

The first of these appears twice in the production — once in an English rendering with no entry in the "Use" field, and once designated HOME_OR_WORK; the second is designated HOME_OR_WORK. The two differ from one another in postal code and in village-level detail. Both are in Jiangxi Province. The registered address described in ¶ 7 is in Guangdong Province. A true and correct copy of the relevant pages is attached as Exhibit 3, p. 2. I, or someone working under my supervision, searched both addresses on Baidu Maps (百度地图) and Amap (高德地图), two leading Chinese mapping platforms, and was unable to locate either address. A true and correct copy of the relevant pages is attached as Exhibit 5. I also searched on Meituan (美团), a Chinese food-delivery application, and the search likewise did not locate either address. The closest results returned by these searches were for the village committee, which is neither of the two addresses. See Exhibit 5.

11. **The transaction record and Defendant's own sales record describe the same purchase.** I have compared the transaction record attached as Exhibit 1 with the sales record Defendant filed as Exhibit 1 to the Declaration of Zhiyong Wei (ECF No. 32-2 at 6). Exhibit 1 to this declaration records a purchase on March 6, 2026 in the amount of $67.98, Invoice ID WQ4KQ51537-133525, shipped to 111 W Jackson Blvd, Chicago, IL 60604-4092. Defendant's record states Order No. 51537M133525, Payment Time 2026-03-06 14:37:59, Order Amount 67.98 USD, address 111 W JACKSON BLVD, city Chicago, state IL, country United States. The two records agree as to date, amount, and destination, and the invoice and order identifiers share the sequence 51537 and 133525.

12. **Dates of retrieval.** The two records attached as Exhibit 4 were retrieved on the dates stated in ¶ 7, both of which are after Defendant No. 10 filed the pending motion. The documents attached as Exhibits 1, 2, and 3 were in Plaintiff's possession before that motion was filed: Exhibit 1 records a transaction of March 6, 2026; Exhibit 2 was captured on November 19, 2025; and Exhibit 3 is the production Plaintiff received on May 5, 2026. Each of the documents attached states on its face the date of the event or entry it records.

13. **No address was identified in the pending motion or its supporting declaration.** I have reviewed ECF Nos. 32, 32-1, and 32-2. Neither the motion nor the declaration of Zhiyong Wei states a street address, city, or postal code for Defendant No. 10, and neither states that service would be accepted at any particular address. No business license, registry extract, or other corporate registration document is attached to any of them.

14. **The form of the Wei declaration.** I have reviewed ECF No. 32-2, including its signature page. That declaration opens "I, Zhiyong Wei, being over the age of eighteen, declare as follows," runs to paragraph 14, and closes with a signature block reading "Dated: July 31, 2026"

and "Guangzhou, China." I did not find in it any statement that its contents are declared to be true under penalty of perjury, and it does not bear a notarial certificate. The certification of the translator appearing at ECF No. 32-1 does contain a statement made under penalty of perjury.

15. **Satisfaction of the judgment.** I have reviewed Plaintiff's records of receipts in this action. On August 6, 2026, Plaintiff received $12,519.22 by wire from PayPal, Inc., drawn on the account identified in ¶ 6, on account of the judgment entered June 11, 2026 as to Defendant No. 10. No temporary restraining order, preliminary injunction, or asset restraint was sought or entered in this action. Plaintiff has not received any other funds from or on account of Defendant No. 10.

## CONCLUSION

16. Based on the steps described above and their outcomes, I have been unable to ascertain and verify a physical address at which Defendant No. 10 can be served. The only address that the enterprise record associates with the entity identified by the payment processor is the address in ¶ 7, and that record reports that the entity cannot be contacted there.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 27, 2026 at Chicago, IL 60604.

/Yanling Jiang/
Yanling Jiang